THE CAMDEN AND ATLANTIC RAILROAD COMPANY v. THE CITY OF ATLANTIC CITY.

The Camden and Atlantic Railroad Company operates a steam railroad between the cities of Camden and Atlantic City. Its railroad tracks are upon certain highways of Atlantic City and are still used occasionally for railroad purposes. The railroad company also owns a power-house, dynamos, poles, cars and other equipment of an electric railway which it operates over the same tracks. *Held*—

1. That the tracks and franchise of the railroad were lawfully assessed by the state board of assessors.

2. That the corporeal property that constituted the equipment of the line of electric cars was lawfully assessed by Atlantic City as property not used for railroad purposes.

---

On motion for summary determination as to character of property assessed for taxes.

Argued at June Term, 1895, before Justices VAN SYCKEL, GARRISON and LIPPINCOTT.

For the state board of assessors, *John P. Stockton*, attorney-general.

For the Camden and Atlantic Railroad Company, *Samuel H. Grey*.

For Atlantic City, *Allen B. Endicott*.

The opinion of the court was delivered by

GARRISON, J.    Under the one hundred and thirty-eighth section of the statute concerning taxes (*Rev. Sup., p.* 1010) this court is required to determine whether certain property of the Camden and Atlantic Railroad Company is used for railroad purposes.    The property, upon the character and use of which judgment is to be passed, consists of certain railroad tracks in the highways of Atlantic City and a lot of land and other property, including dynamos, electric wires, poles, occupancy of streets, cars, &c.    The jurisdiction of this court arises from the fact that the property in question has been assessed by the state board of assessors as property used for railroad purposes, and that the electric system has been also assessed by Atlantic City as property not used for railroad purposes.

Regarded historically the tracks and occupancy of the road-bed by the Camden and Atlantic railroad, including the franchise to operate its railroad thereon, must be deemed rail-road uses, which, the testimony shows, are still maintained by occasional freight trains and steam engines.    The electric system, however, has no such history and must be judged in the light of its admitted character, irrespective of its owner-ship.    The power-house and lot of land, the dynamos, poles wires and cars of this trolley line possess no feature that can distinguish them from any other electric system of street rail-ways.    The fact that they are the property of a railroad com-pany and that they are run over the tracks of such company, while suggestive of certain legal questions, cannot obscure the patent fact that it is a street railway pure and simple with which we have to deal, whose passengers are such by inde-pendent contract and whose mechanical operation is that of all of its class.    The application of any practical test discloses the independent character of this class of property.    Thus, supposing the steam railroad company should sell the dis-puted property to a street railway company, what railroad purpose would thereupon cease to be subserved?

Passengers who now take the surface lines to reach the railroad are obliged to pay ordinary car fare. The surface line is not operated in connection with one railroad more than another, nor with a carrying company more than with places of amusement or other points of destination.

On the other hand, supposing the present owner should cease to operate its railroad to Atlantic City, what change would be effected in the purposes to which this electric railway would be put?

It would carry passengers throughout the city for profit, as it now does, the only conceivable difference being a change in the destination of a certain number of its patrons.

No other conclusion seems possible than that the tangible property in question was properly taxed by Atlantic City as property not used for railroad purposes.

Upon one point there is obscurity in the testimony that should not lead to misunderstanding. I refer to the " occupancy " of the streets referred to in the city assessment.

If that be an attempt to assess a franchise to operate a street railway, it is improperly included, inasmuch as there is no proof of any such franchise.

License fees and special charges for municipal privileges are one thing, but city ordinances cannot create property that shall be capable of general taxation.

Our conclusion is that the tracks, ties and the franchise enjoyed under its charter were lawfully assessed to the railroad company by the state board, and that the power-house and lot and other corporeal property that enters into the operation of the line of electric cars were lawfully assessed by the city.