THE HOBOKEN RAILROAD, &c., CONNECTING COMPANY v. THE STATE BOARD OF ASSESSORS AND THE COMMISSIONERS OF ASSESSMENT OF TAXES OF THE CITY OF HOBOKEN.

Argued June 6, 1899—Decided November 13, 1899.

The prosecutor, a corporation organized under the General Railroad law, operates a railroad by electrical power, which lies partly within the limits of Hoboken and partly in the township of Weehawken, a portion of the route being over lands owned by the company and the rest of it along certain streets of the city. This railroad, with its appurtenances, is used solely for the transportation of freight. *Held—*

1. That the use to which the property is subjected is a "railroad use," and it is taxable only by the state board of assessors.

2. The fact that the same power is used and the same method of applying it is adopted, as prevails on the street railway systems, has no bearing on the question of the character of the company's property.

Application for summary determination as to the character and use of property assessed for taxes.

Before Justices DEPUE, GUMMERE and LUDLOW.

For the state board of assessors, *Samuel H. Grey,* attorney-general.

For the city of Hoboken, *James F. Minturn.*

For the Hoboken Railroad, &c., Connecting Company, *Edwin A. S. Lewis.*

The opinion of the court was delivered by

GUMMERE, J. The Hoboken Railroad, Warehouse and Steamship Connecting Company is a corporation created by and existing under the provisions of the General Railroad law of this state. Its railroad (which is operated by electrical power) lies partly within the limits of the city of Hoboken

and partly in the township of Weehawken, a portion of the route being over lands owned by the company, and the rest of it along certain streets of said city. It owns no rolling stock, its property consisting of its right of way, varying from fifty to one hundred feet in width, with main and side tracks laid thereon, and poles and wires erected along the line thereof in order to transmit power for operating purposes. So much of this property as lies within the limits of Hoboken has been assessed and taxed, for the year 1898, both by the state board of assessors and by the local assessors of the city, the former body insisting that it is used for railroad purposes, within the meaning of the Railroad Tax act (*Gen. Stat.*, *p.* 3324), and is therefore taxable by the methods prescribed by that act, and the latter claiming that it is not so used, and should consequently be assessed and taxed in the same manner as the property of the other taxpayers of the city of Hoboken.

In this condition of affairs the railroad company has applied to this court, under section 28 of the Railroad Tax act, for the purpose of having determined, in a summary way, the character of the property so assessed, whether it is or is not used for railroad purposes, and by which assessors the same has lawfully been assessed.

The user of the property which has been subjected to double taxation is thus described in the testimony : "The company carries on its railroad freight entirely, and nothing else, to and from the various steamship docks and properties along its route, to and from the Erie railroad, and other roads connecting with it. It carries freight in regular railroad freight cars, which are not owned by it, but which belong to other railroad companies connecting with it. The company carries freight for hire, receiving freight from all persons or railroad companies that may bring it to said company. The company carries the freight cars to and from the various railroads connecting with it, and to and from the various steamship companies and properties and industries along its route, by means of a large electrical locomotive leased by the company, and

which is run by electric power. The company carries no passengers whatever; only freight."

That the user of its property by the company for the carrying of freight is not only authorized but required by the act under which it was incorporated must be conceded, but it is contended on behalf of the city of Hoboken that, because the company's railroad is operated not by steam power but by electricity, applied in the same manner as is done in the operation of the various street railways constructed in our cities and towns, and because it is constructed partly through certain of the streets of the city, it is a street railway pure and simple, and consequently is not assessable or taxable under the provisions of the Railroad Tax act.

This contention, however, seems to us to be without merit. The fact that the same power is used and the same method of applying it is adopted as prevails on the various street railway systems of the state, has no bearing on the question of the character of the company's property or of the use to which it is put. By a supplement to the General Railroad law, approved March 10th, 1893 (*Gen. Stat., p.* 2662), it is made lawful " for any railroad corporation in this state authorized to use steam as a motive power, or authorized to use steam or other motive power, to use on any part of its railroad any motive power which shall in its judgment be best adapted to the economical operation of its railway, and to erect, construct, maintain and use such machinery, engines, devices and appliances, and such poles, wires, conduits and other methods for conducting and distributing power as may be required." By availing itself of this statutory privilege the character of the Hoboken Railroad, &c., Company's property was not changed, nor did its user cease to be a " railroad use."

Nor is the fact that a part of the company's railroad is constructed through certain of the public streets of Hoboken material in determining the question in controversy. Many of the railroad companies of this state which were created by special charter, notably the Camden and Amboy Railroad

Company, the New Jersey Railroad Transportation Company and the Morris and Essex Railroad Company, constructed portions of their railroads through the public streets of our cities and towns, where they still remain; but this fact has never been supposed to, and does not, exempt these portions of such railroads from taxation by the state board of assessors, and subject them to local taxation.

The case of *Camden and Atlantic Railroad Co.* v. *Atlantic City,* 29 *Vroom* 316, which is supposed to support the right of the city of Hoboken to tax this property, does not in fact do so. In that case the railroad company erected a *street rail-way plant* along that portion of its right of way which ran through the streets of Atlantic City, and ran street railway cars upon it, operating them in the same manner that a street railway company would have done. It also occasionally ran *freight trains* over this portion of its road. It was held that so much of its property as was used *exclusively* for street railway purposes was taxable by the local authorities, but that the tracks and roadbed, as they were used for freight transportation as well as for street railway purposes, were taxable by the state board of assessors. The decision is an authority against, rather than in favor of, the city's contention.

But if there could be any doubt or principle as to the character of the user of this property, that doubt must be settled by the statutory provisions regulating the subject. This railroad, with its appurtenances, is used solely for the transportation of freight. This use, as has already been stated, is authorized by the General Railroad law, under which the company was incorporated. Such a use of its tracks and cars by a street railway company is not only not authorized but is expressly prohibited by statute. The act of March 30th, 1896, entitled "An act relating to the carrying of freight or express matter by companies owning, leasing or operating street railways," provides that no such company shall carry over its tracks any freight or express matter under a penalty of $100 for each offence. *Pamph. L., p.* 208.

It is clear that the use to which this property is subjected is a "railroad use" within the meaning of the Railroad Tax law. It is therefore taxable by the state board of assessors and not by the taxing authorities of the city of Hoboken.